UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOHN TODD NETHERLAND

VERSUS

CITY OF ZACHARY, LOUISIANA

CIVIL ACTION

NO. 07-409-JJB

**RULING ON MOTION FOR ATTORNEYS' FEES & COSTS**

This matter is before the Court on plaintiff's motion for attorneys' fees. (Doc. 58.) Defendant has filed an opposition. (Doc. 72.) There is no need for oral argument.

The Court granted plaintiff's motion for summary judgment and held that defendant's city ordinances as applied violated plaintiff's constitutional rights. (Doc. 57.) Plaintiff now moves for attorneys' fees and costs under 42 U.S.C. § 1988. Plaintiff seeks fees in the amount of $75,359.00 incurred by Alliance Defense Fund attorneys and staff. Plaintiff also requests costs, which the Court refers to the Clerk of Court.

After carefully reviewing the motion and opposition, the Court finds that plaintiff is entitled to attorneys' fees and costs; however, the Court adjusts the hourly rates commensurate to local standards and also finds that some of the billed hours represented in plaintiff's motion were excessive or redundant.

C: DGG

1

Therefore, plaintiff's motion is GRANTED, but the fee award is reduced to $56,992.50 for the following reasons.

## Applicable Law

Prevailing plaintiffs in claims for violations of constitutional rights are entitled to reimbursement of reasonable attorney's fees and costs. *See* 42 U.S.C. § 1988. To calculate attorney's fees, the court must first determine the "lodestar" by multiplying the reasonable number of hours expended on the litigation times the reasonable hourly rate for such services. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1988). The court may then increase or decrease the lodestar figure depending upon the application of twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.* 488 F.2d 714, 717-19 (5th Cir. 1974).

Plaintiffs seeking attorney's fees are charged with the burden of showing the reasonableness of the hours billed and therefore are charged with proving that they exercised billing judgment. *Walker v. City of Mesquite, TX*, 313 F.3d 246, 251 (5th Cir. 2002). Billing judgment is usually shown by the attorney writing off unproductive, excessive or redundant hours. *Green v. Administrators of Tulane Educational Fund*, 284 F.3d 642, 662 (5th Cir. 2002) (abrogated on other grounds). If there is no evidence of billing judgment, the proper remedy is a reduction of the award by a percentage intended to substitute for the exercise

of billing judgment.  *Walker*, 313 F.3d at 251 (citing *Walker v. HUD*, 99 F.3d 761, 770 (5th Cir. 1996)).

Reasonable hourly rates are determined by looking to the prevailing market rates in the relevant legal community.  *Green*, 284 F.3d at 662.  Determination of the reasonable hourly rate for a particular community is generally established through affidavits of other attorneys practicing in the community.  *Id.*

## Analysis

To determine the lodestar, the court first calculates the number of hours reasonably expended on the litigation.  *See Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995).  Defendant's counsel, Mr. Hillburn, raises numerous objections to the itemized billing statement of plaintiff's counsel, Mr. Oster.  Mr. Oster did not reply or otherwise explain the disputed charges.  Therefore, the Court agrees that the following hours are excessive and/or unnecessary.  These fees will be completely removed from the award:

- Joel Oster (attorney)
    - 4.5 hours to review Judge Polozola's one sentence order of recusal (6/18/07)
    - 3.4 hours to review a motion and memorandum for fees that do not exist in the record (6/8/07)
    - .3 hours to review order granting a motion to file a supplemental memorandum (1/23/09)
    - 2.3 hours to file a motion for summary judgment on the same day that the motion was edited and billed at 3.2 hours (6/25/08)

- - o 2.5 hours for moot court session with Jesse Weins where no corresponding entry for Mr. Weins exists (9/16/07)
    - o 9 hours for oral argument (6.9 hours for travel and an additional 2.1 hours to attend) although Mr. Theriot argued the case (11/4/08)
  - Kevin Theriot (attorney)
    - o 1.2 hours for moot court session with "Gary, Dave, Nate, and Joe" where no corresponding entries for Gary, Dave, Nate, and Joe exist (10/28/08)
  - Mike Johnson (attorney)
    - o 1.3 hours to perform clerical tasks better suited to support staff[1] (6/8/07)
  - Jesse Weins (attorney)
    - o .5 hours to review an order granting an extension of time (6/27/08)
    - o 5.9 hours to attend trial court hearing even though not counsel of record and not participating (9/17/07)
    - o 6.7 hours for travel from hearing in Baton Rouge even though not counsel of record and not participating (9/18/07)
  - Jan Rennels (paralegal)
    - o 1.5 hours to review a granted pro hac vice order (6/11/07)

The Court also finds excessive Mr. Oster's time log for the following emails: Kevin Theriot (10/22/08 for 4.2 hours; 10/20/08 for 3.5 hours; 5/15/08 for 2 hours); Jesse Weins (7/3/07 for 2.2 hours). Because Mr. Oster provided no justification for his billing judgment regarding the emails, the Court reduces these amounts to .25 hours for each email. Conversely, the Court finds the following time log reasonable: 3.5 hours to review the Magistrate's 90 day order requesting

---

[1] Petitioners for attorney fee awards must distinguish between legal work and clerical work which can be accomplished by non-lawyers. Such non-legal work can be compensated at a lesser rate. *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974). Because these 1.3 hours appear more akin to clerical than legal work, the Court awards them at the legal assistant rate.

4

a detailed status report (Oster, 6/8/07); 1.1 hours editing pleadings (Johnson, 7/1/08); 13.2 hours to draft the complaint (Kane/Manley/Weins, 3/7-3/22/07); 3.4 hours of research on private businesses (Oster, 6/13/07); 28.4 hours for preparing a hearing and a response to defendant's memorandum (Oster, 9/14-9/16/07); and the full amount of hours requested for preparation of the appeal brief.  Thus, the cumulative total hours (including the above reductions) are,

- Joel Oster:  134.4 – 22 = 112.4 hours
- Kevin Theriot: 52.9 – 1.2 – (4.2 + 3.5 + 2 - .75) =  42.75 hours
- Mike Johnson: 3.4 – 1.3 = 2.1 hours
- Jesse Weins: 97.7 – 13.1 – (2.2 - .25) = 82.65 hours
- Jan Rennels: 2.3 – 1.5 = .8 hours

To finish the lodestar calculations, the Court must determine a reasonable hourly rate for the participating lawyers and staff.  *See Louisiana Power & Light Co.*, 50 F.3d at 324.  *See also Volk v. Gonzalez*, 262 F.3d 528, 535 (5th Cir. 2001) (holding that paralegal and legal assistant fees come under the rubric of "reasonable attorney's fee[s]" compensable under § 1988) (internal citations omitted).  Regarding the reasonable hourly rate, Mr. Oster recommends fees between $200-325 for the attorneys, $105 for the paralegals, and $70 for the legal assistants.  After review of the current market in Baton Rouge and the parties' affadavits, the Court sets the reasonable rate at $225 for attorneys, $85 for paralegals, and $70 for legal assistants.[2]

---

[2] This legal assistant rate ($70/hr) is high for the Baton Rouge area; however, because plaintiff seeks only $28 in legal assistant fees, the Court keeps the rate at this level.

Consequently, the appropriate lodestars are 246.3 hours x $225.00 = $55,417.50 (attorneys); 18.2 hours x $85.00 = $1547.00 (paralegals); .4 hours x $70.00 = $28.00 (legal assistants).

Upon determining the lodestar, the Court then examines the *Johnson* factors. The *Johnson* factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained, including the amount of damages and the decision's effect on the law; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and, (12) awards in similar cases. Many of these factors, however, were subsumed in the original lodestar estimate. *See Hensley,* 461 U.S. at 434 n.9. The Court finds that the *Johnson* factors do not warrant any further increase or a decrease from the lodestar amount.

Accordingly, the motion by plaintiff for attorneys' fees (doc. 58) is hereby GRANTED, but the award amount is reduced for the reasons stated above. Plaintiff is hereby awarded fees of $56,992.50. Plaintiff's request for costs, other than attorneys' fees, is referred to the Clerk of Court.

Signed in Baton Rouge, Louisiana, this 8th day of October 2009.

_____
**JUDGE JAMES J. BRADY**

**UNITED STATES DISTRICT COURT**